Ariel S. Peikes (AP 9157)
apeikes@grr.com
Gottlieb, Rackman & Reisman, P.C.
270 Madison Avenue, 8th Floor
New York, New York 10016
(212) 684-3900 • Fax: (212) 684-3999

Local Counsel for Plaintiff
Moroccanoil, Inc.

William C. Conkle (SB# 76103)
w.conkle@conklelaw.com
(*Pro Hac Vice* application forthcoming)
Mark C. Riedel (SB# 129205)
m.riedel@conklelaw.com
(*Pro Hac Vice* application forthcoming)
Kevin R. Keegan (SB# 260115)
k.keegan@conklelaw.com
(*Pro Hac Vice* application forthcoming)
CONKLE, KREMER & ENGEL
Professional Law Corporation
3130 Wilshire Boulevard, Suite 500
Santa Monica, California  90403-2351
Phone: (310) 998-9100 • Fax: (310) 998-9109

Counsel for Plaintiffs Moroccanoil, Inc. and
Moroccanoil Israel, Ltd.

12 CIV 7489



RECEIVED
OCT 05 2012
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOROCCANOIL, INC., and MOROCCANOIL ISRAEL, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> CHRIS JONES, AMERICAN INDUSTRIES, LLC, MAKE4U CO., LTD, JOHN FORGALI, and DOES 1 through 10 inclusive, <br><br> Defendants. | Civil Action No.: <br><br> COMPLAINT |

1

Plaintiffs Moroccanoil, Inc., a California corporation, and Moroccanoil Israel, Ltd., and Israeli Limited Liability Company (collectively, "Plaintiffs"), for their complaint against the Defendants named and described herein, allege the following on knowledge as to Plaintiffs and, otherwise, on information and belief:

## JURISDICTION

1.      This action arises under and this Court has original jurisdiction pursuant to 15 U.S.C. § 1121 (Original Jurisdiction – Trademarks), 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1338(a) (Original Jurisdiction – Patents and Trademarks), 28 U.S.C. § 1332 (Diversity of Citizenship), 28 U.S.C. § 1338 (b) (Original Jurisdiction - Unfair Competition) and 28 U.S.C. § 1367 (Supplemental Jurisdiction).

## VENUE

2.      Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because while diversity exists, it is not the sole basis for jurisdiction, and on information and belief, the first and second named defendants reside in this district.  Venue is also proper under § 1391(b)(2) because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## SUMMARY OF MOROCCANOIL'S CLAIMS

3.      Plaintiff Moroccanoil, Inc., a California corporation, ("Moroccanoil") distributes throughout the United States professional, "salon only" hair care products ("Moroccanoil Products").  Moroccanoil Products bear one or more federally registered trademarks, including the mark "MOROCCANOIL."  Moroccanoil Oil Treatment is the most popular product in the line of Moroccanoil Products.  It is packaged in 3.4 fluid

ounce amber colored, druggist-style bottles with black screw-on caps.

4.     Defendant American Industries LLC (hereafter "American") has distributed and sold counterfeit bottles of Moroccanoil Oil Treatment.  Defendant Chris Jones is the sole proprietor and operator of American, and had direct dealings in the counterfeit products.  Defendant Make4U Co., Ltd. ("Make4U") purchased counterfeit products from American and distributed them to customers around the world.  Defendant John Forgali ("Forgali") facilitated shipments of counterfeit products between American and Make4U. The counterfeit Moroccanoil Oil Treatment distributed, sold and transported by Defendants: (a) are packaged in nearly identical 3.4 fluid ounce, amber colored, druggist-style bottles with black screw-on caps; (b)  have rectangular-shaped, light blue labels that appear identical to those of Moroccanoil, including imitations of the Moroccanoil trademarks, logos and information describing the contents and the usage of the product that are indistinguishable from genuine Moroccanoil Oil Treatment, and; (c) contain counterfeit oil inside the bottles that has a color and consistency similar to that of genuine Moroccanoil Oil Treatment, but which is not the genuine Moroccanoil Product.

5.     Moroccanoil has obtained from American's customers a number of products that have the physical indicia, both visually and chemically, of counterfeit. Such physical indicia includes the affixation of batch code 316EI.  The physical indicia of the suspected counterfeit products shows it to be the same as other products purchased from other sellers, which were tested for their chemical composition by a laboratory and determined to be counterfeit.

6.      Moroccanoil sells its products only to authorized Moroccanoil distributors and salons, and none of the defendants are an authorized Moroccanoil distributor, or a salon.

## THE PLAINTIFFS

7.      Moroccanoil, Inc., is a California corporation doing business from its principal place of business at 16311 Ventura Boulevard, Suite 1200, Los Angeles, California.  Moroccanoil distributes its Moroccanoil Products throughout the United States.

8.      Moroccanoil, Israel, Ltd. is an Israeli limited company doing business from its principal place of business at 16 Moshe Levi Street, in Rishon Lezion, Israel. Moroccanoil Israel, Ltd. is the main manufacturer of Moroccanoil Products and distributes Moroccanoil Products to authorized distributors all over the world, including to Moroccanoil.  Plaintiff Moroccanoil Israel, Ltd. and its predecessors are referred to herein as "Moroccanoil Israel."

## THE DEFENDANTS

9.      Plaintiffs are informed and believe that Defendant American Industries, LLC is a New York limited liability company, with a principal place of business at 545 Eighth Avenue, Suite 40, New York, New York 10018.  On information and belief, Defendant Chris Jones is the sole proprietor (or managing member) and operator of American.

4

10.     Defendant Make4U Co., Ltd. is a Hong Kong limited company with a principal place of business at Room 10, 11/F Kwai Cheong Centre, No. 50 Kwai Cheong Road, Kwai Cheong, New Territories Hong Kong.

11.     Defendant John Forgali, is an individual and resident of Ontario, Canada, and operates a warehouse at 606 Rivermede Road, Unit 1, East Ramp Concord, Ontario, Canada.  The warehouse was used to facilitate the sale, return and storage of counterfeit products between American and Make4U.

12.     Plaintiffs are informed and believe that Defendant American sold counterfeit products to various distributors throughout the world, including www.catchoftheday.com ("COTD") based in Australia.  Samples of suspected counterfeit Moroccanoil products obtained from COTD were tested, examined and determined to be counterfeit.

13.     On information and belief, there are other entities and individuals that: (a) supply, distribute or sell counterfeit products to the named defendant; (b) are the agent, employee, principal, or co-conspirator of the named defendant and have acted within the scope of such agency, employment, conspiracy, joint venture or partnership relations in committing the acts alleged herein and, as such, caused injury and damage to Plaintiffs as described herein, and/or; (c) have a unity of interest and ownership with the named defendants such that any individuality and separateness between them and the named defendants never existed or has ceased to exist, and to adhere to the fiction

of separate and distinct existence from the named defendant would permit an abuse of corporate and other entity privileges, would sanction fraud, and would promote injustice.

14.     Plaintiffs are ignorant of the true identities and participation of the entities and individuals described in Paragraph 13 of this Complaint and therefore sue them by the fictitious names of Does 1 through 10.  Plaintiffs will seek to amend the Complaint to state the true identities of Does 1 through 10 when ascertained. (Defendants American, Jones, Make4U and Forgali, and the Doe Defendants are hereinafter collectively referred to as "Defendants").

## THE MOROCCANOIL PRODUCTS

15.     Genuine Moroccanoil Oil Treatment is packaged in 3.4 fluid ounce, amber colored, druggist-style bottles with black screw-on caps.  The light blue, rectangular-shaped front labels of the Moroccanoil Oil Treatment contain the Moroccanoil logo with an orange-colored "M" and the word "MOROCCANOIL" in white, capital letters vertically up the left hand side of the label, as well as the words "Oil treatment for all hair types," "Moroccanoil Series," and "alcohol free" in English, French and Spanish.  The light blue, rectangular-shaped back labels of the Moroccanoil Oil Treatment contain the Moroccanoil logo with "MOROCCANOIL" in orange, capital letters, a description of the product and its usage in English, French and Spanish, the ingredient list, and the words "Sold Exclusively By Professional Salons."  Each genuine bottle includes a sticker that extends from the top of the bottle cap down to the front of the bottle that includes the Moroccanoil logo with an orange "M" with the word "Moroccanoil" through it in white letters, and the words "The Original" in English and French.  Moroccanoil Products bear the trademarks, trade names and trade dress described below.

6

16.     Moroccanoil applies Uniform Code Council barcode numbers to its products.  These barcodes are widely used by manufacturers, distributors and sellers to keep track of and identify the products they sell.  Moroccanoil was issued an EAN-13 (international) UPC manufacturer number of 7290011 by the Uniform Code Council. The first three numbers, 729, refer to the fact that Moroccanoil manufactures its Oil Treatment products in Israel.  UPC barcode number 7290011-521011 refers to the 3.4 ounce size of Moroccanoil Oil Treatment (collectively "Moroccanoil UPC Number"). Moroccanoil prints the Moroccanoil UPC Number on the labels of all of its Oil Treatment products during their manufacture.

17.     The following images are true and correct photographs of the front and back side of a bottle of genuine Moroccanoil Oil Treatment:

 

**MOROCCANOIL'S INTELLECTUAL PROPERTY**

18.     Moroccanoil is the owner of numerous federally registered trademarks including: the word "MOROCCANOIL"(U.S. Reg. No.  3,478,807), the vertical "M Moroccanoil Design" (U.S. Reg. No. 3,684,910), and the horizontal "M Moroccanoil Design"  (U.S. Reg. No. 3,684,909).  The trademarks are registered in Class 3 on the Principal Register of the United States Patent and Trademark Office which includes soaps and cosmetics.

19.     The following images are true and correct photographs of the Moroccanoil trademarks:

TRADEMARK
PRINCIPAL REGISTER

MOROCCANOIL

USPTO Registration No. 3,478,807



USPTO Registration No.                USPTO Registration No.

3,684,910                                    3,684,909

20.     Moroccanoil's trade dress encompasses the size, shape, color, wording, graphics, packaging and overall appearance of the Moroccanoil Products as well as the placement and position of the Moroccanoil trademarks on the labels and packaging ("Moroccanoil Trade Dress").  The Moroccanoil Trade Dress is non-functional, inherently distinctive, and has become uniquely associated with Moroccanoil in the marketplace as the source of these products.

21.     Since the time of their introduction, Moroccanoil has continuously used one or more of the Moroccanoil trademarks in commerce in the United States.  All Moroccanoil Products sold in commerce bear one or more of Moroccanoil's trademarks. Moroccanoil owns all right, title and interest in the United States and in other countries

to the Moroccanoil trademarks, the Moroccanoil Trade Dress, and the goodwill associated with them (collectively "Moroccanoil Intellectual Property").

## THE COUNTERFEIT PRODUCTS

22.     The counterfeit Moroccanoil Products distributed and sold by Defendants, including Defendant American, are substandard imitations of genuine Moroccanoil Oil Treatment.  The counterfeits look nearly identical to genuine Moroccanoil Products as they are packaged in amber colored, druggist-style bottles with black screw-on caps. The trade dress of the counterfeits is virtually indistinguishable from the genuine Moroccanoil Products, including the size, shape, color, wording, and overall appearance of the products.  The counterfeit labels bear exact copies of Moroccanoil's trademarks.

23.     The counterfeit bottles, labels and trade dress are not genuine because they were not used by Moroccanoil in the manufacture of its genuine products or otherwise authorized or licensed by Moroccanoil.  The physical indicia of counterfeiting on the product purchased from COTD, a customer of Defendants American and Make4U, were examined by Moroccanoil representatives and tested by a laboratory, and determined to be counterfeit.

24.     The labels on these counterfeits products recite numerous false statements, including:

        a.     *Batch Numbers:*  The counterfeit labels display a Moroccanoil batch number of "316EI," a batch number that Moroccanoil actually used.  However, the counterfeit product sold by American and Make4U did not come from that Moroccanoil batch or any other genuine batch of Moroccanoil Oil Treatment.

b.      *Designations of Origin and Distribution:*  The counterfeits are marked "Made in Israel by A.P.P. Ltd.," which is false because the contents of the bottles are counterfeit and were not produced by A.P.P. Ltd. in Israel.  Furthermore, the counterfeits are marked "Distributed by Moroccanoil North America," which is false because the bottles were not distributed by Moroccanoil.

c.      *UPC Codes:*  The counterfeits bear Moroccanoil's UPC code number of 7290011-521011, which is false because the products were not manufactured or distributed by Moroccanoil.

25.      Defendant American sold counterfeit product to Make4U, who sold counterfeit product to COTD.  Counterfeit products were returned by Make4U to Forgali. The following images are true and correct photographs of a counterfeit product purchased from COTD, which, on information and belief, was supplied to it by Make4U and American:

 

**FIRST CLAIM FOR RELIEF**
**TRADEMARK COUNTERFEITING AND INFRINGEMENT**
**AGAINST ALL DEFENDANTS**
**(15 U.S.C. § 1114)**

26.     Plaintiffs allege and incorporate by reference each and every allegation contained in Paragraphs 1 through 25, as if fully set forth herein.

27.     Moroccanoil has extensively advertised and promoted its products and trademarks.  Since their introduction into the United States in or about January 2007, Moroccanoil Products have enjoyed tremendous sales growth and widespread popularity.  As a result, any product bearing one or more of Moroccanoil's trademarks is immediately associated by purchasers and the public as being genuine Moroccanoil product.

28.     The use of one or more copies of Moroccanoil's trademarks by Defendants on the counterfeits of Moroccanoil Oil Treatment, which Moroccanoil believes the Defendants developed, manufactured, transported, offered for sale and sold, confuses and deceives consumers into believing that the counterfeit Moroccanoil Products are genuine Moroccanoil Products.  In fact, the counterfeit Moroccanoil Products supplied by Defendants, are not genuine Moroccanoil Products but bear counterfeit and infringing copies of Moroccanoil's trademarks.

29.     The acts of Defendants have been committed without the consent of Plaintiffs.  The acts of Defendants are likely to cause confusion and mistake in the minds of the purchasing public, and, in particular, to create the false impression that the

counterfeit products sold by Defendants are manufactured, distributed, warranted, authorized, sponsored, or approved by Plaintiffs when, in fact, they are not.

30.     As a direct and proximate result of the counterfeiting and infringement of Moroccanoil's trademarks, Plaintiffs have suffered damages in the form of increased costs and reduced revenue in an amount unknown, but not less than $500,000, and those damages continue to increase every day.  Plaintiffs will amend their Complaint, at or before trial, to conform to proof of the amount of its damages.

31.     As a proximate result of their wrongful conduct, Defendants have been unjustly enriched.  Plaintiffs demand and are entitled to an accounting from Defendants, including all information necessary to permit Plaintiffs to determine the gains, profits and advantages that Defendants have obtained through their wrongful conduct described herein.  Plaintiffs are further entitled to disgorgement of Defendants' ill-gotten profits.

32.     Plaintiffs have no adequate remedy at law.  Monetary compensation will not afford Plaintiffs adequate relief.  The acts and omissions of Defendants as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Plaintiffs that are difficult, if not impossible, to measure.  Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged, including infringement of the Moroccanoil Trademarks, Plaintiffs will continue to suffer irreparable harm.  Injunctive relief is therefore appropriate pursuant to 15 U.S.C. § 1116 to prevent Defendants from engaging in any further violations of 15 U.S.C. § 1114.

33.     Upon information and belief, the activities of Defendants complained of herein constitute willful and intentional counterfeiting and infringement of Moroccanoil's trademarks in violation of the Lanham Act, including, but not limited to, 15 U.S.C. § 1114.  The willfulness of the counterfeiting and infringement by Defendants is evidenced by the similar bottles, labels, wording, logos, and oil of the counterfeits.  Defendants' activities are in total disregard for the rights of Plaintiff.  As a result, Plaintiffs are further entitled to the damages and remedies provided by 15 U.S.C. §§ 1116 and 1117.

## SECOND CLAIM FOR RELIEF
## FALSE DESIGNATION OF ORIGIN
## AND FALSE REPRESENTATION
## AGAINST ALL DEFENDANTS
## (15 U.S.C. § 1125(a))

34.     Plaintiffs allege and incorporate by reference each and every allegation contained in Paragraphs 1 through 33, as if fully set forth herein.

35.     The manufacture, distribution and sale of counterfeit Moroccanoil Products by Defendants, which are indistinguishable from authentic Moroccanoil Products, constitutes a violation of 15 U.S.C. § 1125(a) – false designation of origin, false description, and false representation that these counterfeit products originate from, are sponsored by, or are authorized by Moroccanoil.

36.     As a direct and proximate result of violations of 15 U.S.C. § 1125(a), Plaintiffs have suffered damages in the form of increased costs and reduced revenue in an amount unknown, but not less than $500,000, and those damages continue to

increase every day.  Plaintiffs will amend their Complaint, at or before trial, to conform to proof to state the amount of its damages.

37.     As a proximate result of their wrongful conduct, Defendants have been unjustly enriched.  Plaintiffs demand and are entitled to an accounting from Defendants, including all information necessary to permit Plaintiffs to determine the gains, profits and advantages Defendants have obtained through their wrongful conduct described herein. Plaintiffs are further entitled to disgorgement of Defendants' ill-gotten profits.

38.     Plaintiffs have no adequate remedy at law.  Monetary compensation will not afford Plaintiffs adequate relief.  The acts and omissions of Defendants as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Plaintiffs that are difficult, if not impossible, to measure.  Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged, including counterfeiting Moroccanoil's trademarks, Plaintiffs will continue to suffer irreparable harm.  Injunctive relief is therefore appropriate pursuant to 15 U.S.C. § 1116 to prevent Defendants from engaging in further violations of 15 U.S.C. § 1125(a).

39.     Upon information and belief, the activities of Defendants complained of herein constitute willful and intentional infringement of Moroccanoil's trademarks in violation of the Lanham Act, including, but not limited to, 15 U.S.C. § 1125(a).  The willfulness of the infringement by Defendants is evidenced by the similar bottles, labels, wording, logos, and contents of the counterfeit products.  The activities of Defendants are in total disregard of Plaintiffs' rights.  As a result, Plaintiffs are entitled to the statutory damages provided by 15 U.S.C. §§ 1116 and 1117.

**PRAYER**

WHEREFORE, Plaintiff prays for an award as follows:

1.      Preliminary and permanent injunctive relief against all Defendants, and each of them, and their officers, agents, attorneys, representatives and assigns, and all persons acting in active concert or participation with them, from doing any of the following acts, either directly or indirectly, and from doing any act prefatory to the prohibited acts:

    a.      Developing, manufacturing, acquiring, transporting, distributing, developing, offering to sell or selling any counterfeits of Moroccanoil Oil Treatment product bearing counterfeit Moroccanoil trademarks;

    b.      Using any of Moroccanoil's trademarks in connection with their business, including but not limited to:

        (1)      the word "Moroccanoil" (USPTO Registration No. 3,478,807);

        (2)      "M Moroccanoil Design" (vertical) - with the word Moroccanoil in white lettering written vertically with the letter M in orange written horizontally on the right side (USPTO Registration No. 3,684,910); and

16

(3)   "M Moroccanoil Design" (horizontal) - with the word

Moroccanoil in white lettering written horizontally across

the orange letter M (USPTO Registration No. 3,684,909).

c.   Otherwise infringing Moroccanoil's trademarks;

d.   Using any false designation of origin or false representation

concerning any Moroccanoil product;

e.   Causing a likelihood of confusion, deception, or mistake by

consumers as to the source, nature, or quality of the goods of

Defendants;

f.   Misrepresenting to anyone that they are authorized Moroccanoil

manufacturers or distributors;

g.   Misrepresenting to anyone that they carry, distribute or sell genuine

Moroccanoil Products or that they obtain their products from

Moroccanoil;

h.   Soliciting, assisting, aiding or abetting any other person or business

entity engaging in or performing any of the activities referred to in

the above subparagraphs "a" through "g".

2.   For an order directing Defendants, and each of them, to file with this Court

and serve on Plaintiffs within 30 days after service of an injunction, a report in writing

and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

3.     For an order requiring Defendants, and each of them, to deliver to Plaintiffs:

a.     all products, literature, and other material bearing any counterfeits of Moroccanoil's trademarks, any other infringement of the intellectual property of Plaintiffs, or which falsely identifies the source of any products;

b.     printing devices, labels, packing, bottles, or any other  items  used in the manufacture or sale of products bearing any counterfeits of Moroccanoil's trademarks; and

c.     the names of the supplier(s) of Moroccanoil Products, and all facts and circumstances known to them about the diversion of Moroccanoil Products, the manufacture or sale of  counterfeit Moroccanoil Products, all facts relating to Defendants' dealings in Moroccanoil Products and counterfeit Moroccanoil products, including but not limited to production of all purchase orders, invoices, bills of lading, and communications with suppliers.

4.     For a seizure of all counterfeit, repackaged, defaced, and damaged Moroccanoil goods and marks;

5.      For damages and remedies as provided by 15 U.S.C. §§ 1116 and 1117;

6.      For damages and remedies as provided by 15 U.S.C. § 1125;

7.      For damages and remedies as provided by 19 U.S.C. § 1526;

8.      For punitive and exemplary damages;

9.      For attorneys' fees;

10.     For costs; and

11.     For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs Moroccanoil, Inc. and Moroccanoil Israel, Ltd. demand trial by jury of all

triable issues.

Dated:  October 5, 2012                    GOTTLIEB, RACKMAN & REISMAN, P.C.


By: _____
    Ariel S. Peikes (AP9517)
    apeikes@grr.com
    270 Madison Avenue, 8th Floor
    New York, New York 10016
    (212) 684-3900 • Fax: (212) 684-3999

    Local Counsel for Plaintiff
    Moroccanoil, Inc.

Of Counsel:
CONKLE, KREMER & ENGEL

William C. Conkle
Mark C. Riedel
Kevin R. Keegan
3130 Wilshire Boulevard, Suite 500
Santa Monica, California  90403-351
Phone: (310) 998-9100
Fax: (310) 998-9109